UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AFSCME COUNCIL 25 AFL-CIO and
AFSCME LOCAL 1820,

       Plaintiffs,

v.

NUANCE COMMUNICATIONS,

       Defendant.

_____/

Case No. 2:15-cv-13320

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [32]

The Plaintiffs filed a three-count complaint against the defendant Nuance Communications ("Nuance") and St. Joseph Mercy Oakland Hospital ("the Hospital"). In it, the Plaintiffs alleged traditional union labor law claims against the Hospital (Counts I and II), along with a claim for tortious interference with contract or business relationship against Nuance (Count III). On October 1, 2015, the Plaintiffs filed an amended complaint that added no new parties or claims for relief. On November 24, 2015, the Plaintiffs and the Hospital stipulated to the dismissal of the First Amended Complaint and all causes of action as to the Hospital. Nuance then moved to dismiss Count III -- the only remaining claim. For the following reasons, the Court will grant Nuance's motion and dismiss the case.

## BACKGROUND

In sum and taken as true, the Plaintiffs' complaint alleges that between 2014 and 2018, the plaintiff union entities and the Hospital were subject to a contract that protected the wages and employment rights of various "transcriptionists" and other "associates" of the Hospital. F.A. Compl. 3, ECF 6. During the contractual period, in 2015, the Hospital

decided to outsource the work of transcriptionists and others to Nuance. Nuance and the Hospital then entered into a contract for the employment of workers supplied by Nuance and agreed that the transcriptionists' wages would remain stable and that no positions covered by the union contract would be eliminated for six months. Notwithstanding those promises, the Plaintiffs theorized in their complaint that the Hospital's new relationship with Nuance would result in the loss of jobs for 13 transcriptionists who were union members.[1] *Id.* At 5. The Union thus sued the Hosptial for breach of contract employing traditional labor contract theories while lodging a single, additional count of tortious interference in business or contractual relationship against Nuance. Nuance's declined to answer the complaint and moved to dismiss Count III. Mot,, ECF 32.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. The Court may only grant a 12(b)(6) motion if the allegations are not "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). In evaluating the motion, the Court presumes the truth of all well-pled factual assertions. *Bishop v. Lucent Techs.*, 520 F.3d 516, 519 (6th Cir. 2008). Moreover, the Court must draw every reasonable inference in favor of the non-moving party. *Dubay v. Wells*, 506 F.3d 422, 427 (6th Cir. 2007). But a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"

---

[1] There is no allegation that the positions had, at the time of the filing of the First Amended Complaint, in fact been eliminated.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

Nuance asserts that the Plaintiffs have pleaded insufficient facts to make out a claim for tortious interference with contractual or business relationship. The Plaintiffs allege specific allegations against Nuance in five paragraphs of the fifty-five paragraph complaint:

> "Contrary to the existing contract had between [the Union] and [the Hospital], [the Hospital] conspired with Defendant Nuance to eliminate 13 *Transcriptionist* Jobs as represented by the AFSCME Union beginning on or about June 2015." ECF 6 ¶ 20 (emphasis in original).

> "Defendant Nuance engaged in the intentional doing of a per se wrongful act and/or the intentional doing of a lawful act with malice and unjustified in law for the purpose of invading Plaintiffs' contractual rights or business relationship as had with [the Hospital]." *Id.* ¶ 31.

> "[T]here exist [sic] a contract and a business relationship between [the Union] and [the Hospital] to which [the Union] and its members had a reasonable expectation of benefit." *Id.* ¶ 52.

> "There existed a knowledge by Defendant Nuance of the contract or the business relationship and expectancy." *Id.* ¶ 53.

> "There was intentional and improper interference by the Defendant Nuance, with the contract or business relationship and expectancy by improperly inducing or causing a breach, disruption, or termination of the contract of the business relationship and expectancy." *Id.* ¶ 54.

Thus, the Plaintiffs allege, at most and in a conclusory fashion, that Nuance conspired with the hospital to eliminate 13 transcriptionist jobs, and that the conspiracy interfered with the Plaintiffs' ongoing business and contractual relationship with the hospital. The Plaintiffs allege that Nuance used bad acts or malice to invade the Plaintiffs' relationship with the hospital, but they allege no specific facts to demonstrate how. Thus, Nuance argues that Count III fails to state a claim upon which relief can be granted because the complaint fails to allege facts that constitute tortious acts interfering with the relationship. The Court

3

agrees.

There are four elements to a claim for tortious interference with contractual or economic relations:

> (i) the existence of a valid business relationship or expectancy; (ii) knowledge of the relationship or expectancy on the part of the defendant; (iii) intentional interference causing or inducing a termination of the relationship or expectancy; and (iv) resultant actual damage.

*Lucas v. Monroe County* 203 F.3d 964, 978–79 (6th Cir. 2000); *see also Laurence G. Wolf Capital Mgmt. Trust v. City of Ferndale*, 2009 WL 416785, at *13 (Mich. Ct. App. 2009).

There are no specific, fact-based allegations in the amended complaint that would support the tortious interference claim and the Court will accordingly dismiss it. The amended complaint alleges, at most, conclusions that the Plaintiffs have drawn about harmless behaviors in which Nuance might have engaged. There is no allegation to support a claim that Nuance, by entering an agreement with the Hospital to supply workers, had any intent to interfere with or even impact the Plaintiffs' contractual relationship with the Hospital. Simply put, the Plaintiffs have not alleged any facts to support proof of any claim that Nuance acted intentionally toward the Plaintiffs when it established the business relationship with the Hospital.

Plaintiffs have stated the legal elements of a cause of action for tortious interference and concluded that Nuance acted badly and with malice, but they have not alleged any specific act of intent, illegality or fraud. There is no allegation of any wrongful intent by Nuance or any specific facts alleged of how Nuance might have illegally, maliciously or fraudulently intended to harm the Plaintiffs. The Plaintiffs have not pled any facts that Nuance engaged in a per se wrongful act or any illegal conduct — they have merely

4

alleged a conclusion that Nuance has done so. But the Plaintiffs have certainly not lodged with the Court any allegations of fact that would corroborate those conclusions drawn in the First Amended Complaint. *See CMI Int'l Inc v. Intermet. Int'l Corp.*, 251 Mich. App. 125, 132 (2002) ("To raise a genuine issue and therefore escape [dismissal], a plaintiff must sufficiently demonstrate specific, corroborative acts.").

Although it is true that the pleading standard for intent is "more liberal" than the pleading standard for fraud,[2] it is also beyond dispute that pleading requirements have increased in recent years under *Iqbal* and *Twombly*. *See Woodland Harvesting, Inc. V. Ga. Pac. Corp.*, 693 F. Supp. 2d 732, 744 n. 13 (E.D. Mich. 2010). The Plaintiffs here have done little more in the First Amended Complaint than to plead the elements of the claim, supplemented by various conclusory statements. The allegations are insufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The assertions by the Plaintiffs that Nuance "conspired", that Nuance engaged in a wrongful act and that Nuance "induced or caused" a breach of the Plaintiffs' contract with the hospital are legal conclusions that the Court is not required to accept. And aside from those legal conclusions, the Plaintiffs offer nothing more than their belief that Nuance intended to harm the Plaintiffs. A defendant's subjective belief does not raise the claim above a level of speculation. *See Ass'n Of Cleveland Fire Fighters v. City of Cleveland, OH,* 502 F.3d 545, 548 (6th Cir. 2007).

---

[2] Fed. R. Civ. P. 9(b) states that "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, or other conditions of a person's mind may be alleged generally."

5

The Plaintiffs have not alleged facts that — even if true — would entitle them to relief: the Plaintiffs are dissatisfied that Nuance competed to provide services to the hospital in a more desirable manner than the Plaintiffs apparently had done in the past. The acts Nuance allegedly may have engaged in to win the competition do not, on their face, establish, or even give rise to an inference, that Nuance intended to harm any contractual relationship the Plaintiffs and the Hospital previously had. The facts alleged against Nuance can just as plausibly be seen as Nuance's acts intended to gain an economic advantage over a competitor in the market. And there is nothing wrong with that. The Court will dismiss Count III of the First Amended Complaint without prejudice.

### ORDER

**WHEREFORE,** it is hereby **ORDERED** that Nuance's Motion to Dismiss [32] is **GRANTED** as to Count III, which is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 14, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 14, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager

6